BUMP v. BELLINGAR.

Automobiles—Negligence—Question of Fact—Minors.

In 13-year-old boy's action against farmer who collected cans of milk from producers for injuries sustained when plaintiff was run over after having been thrown from truck as he reached cab door handle after having gone around rear of truck, whether or not defendant driver who glanced back at the load and started the truck without looking to see whether or not the boy was in the cab *held*, a question of fact for the jury.

---

. Question of fact for jury presented as to defendant's negligence, see 2 Restatement, Torts, § 434, comment c; standard of conduct defined, see §§ 283–285; causal relation between harm and negligence, see § 465.

Appeal from Allegan; Miles (Fred T.), J. Submitted April 4, 1945. (Docket No. 26, Calendar No. 42,949.) Decided May 14, 1945.

Case by Ralph Bump, an infant, by his next friend Fred Bump, against Lynn Bellingar for personal injuries sustained when he was thrown from defendant's truck and run over. Verdict and judgment for plaintiff. Defendant appeals. Reversed and new trial granted.

*Perle L. Fouch,* for plaintiff.

*Jackson, Fitzgerald & Dalm,* for defendant.

Wiest, J. In August, 1942, defendant was a farmer in Allegan county, owner of a truck used by him in picking up cans of milk from producers and the delivery thereof to a condensary and returning of empty cans. Sunday morning, August 23, 1942, he asked plaintiff, a 13-year-old boy who was visiting at his home, to go with him on the milk-gathering route. On the route the truck stopped to pick up cans of milk placed at the roadside and defendant, and the boy got out of the truck to attend to the loading of the cans; and when that was accomplished defendant saw the boy go around the rear of the truck to get to the right-hand side of the cab, and claims that upon hearing the cab door slam shut while he was glancing back at the load, he started the truck without looking to see whether the boy was in the cab. As a matter of fact the boy reached the cab door handle while standing on the running board of the truck, had partly opened the door when the starting of the truck caused him to lose hold of the door handle and he fell from the running board and was run over by one of the hind wheels and severely injured.

This action was brought in behalf of the boy. Upon trial by jury plaintiff had verdict for $5,611.44. Defendant's motions for judgment notwithstanding the verdict or for a new trial were denied and this appeal followed.

The principal error claimed is that the court instructed the jury that defendant was guilty of negligence as a matter of law. We quote the following instructions:

"So in this case the burden of proof is on the plaintiff to prove by a preponderance of the evidence three things; First, that Mr. Bellingar, the defendant, was what we call negligent; that is, that he failed to use such care in and about starting up his truck at the time and place and under the circumstances here presented—that he failed to be as careful in starting up that truck as the ordinary careful driver of a truck under like circumstances would have been.

"Well, it has been said the court would probably say that he wasn't as careful as he should have been, and I think I may say that to you at this time. Mr. Bellingar had invited this boy with him, he knew that the boy rode, and would ride in the front seat with him, he knew the boy had gone around the truck to get into the truck to ride with him, into the cab to ride with him, and he should have known whether that boy had gotten in or hadn't gotten in. He said that he assumed the boy was in, sitting in the seat, but a man is held to know what he should know, what by the exercise of ordinary care he should have known, and by the exercise of ordinary care, it was broad daylight, he should have known whether the boy was in the cab sitting with him or not, and so I say to you that Mr. Bellingar was not using the care that the ordinarily careful driver would have used to determine whether that boy had gotten safely into the truck or not, so you may take it from the court that the first thing that the boy has to prove

here is established, namely, that Mr. Bellingar was not using due care under the circumstances. He owed a duty to see that that boy was safely in the seat with him before he started up his car, and when he failed to do so, he was guilty of negligence. * * *

"Now a third question ordinarily arises, and that is this, what was the proximate cause of the accident? Well, I may say here again, that if you find the boy was using the same care that an ordinarily careful person would have used in trying to get into the truck, then the proximate cause of the accident would be the failure on the part of Mr. Bellingar to use due care. * * *

"In this case it was the duty of the defendant Mr. Bellingar to refrain from starting his truck until such time as the plaintiff had got inside the cab of the truck under the circumstances as shown by the testimony. * * *

"The first thing you do when you go to your jury room, you select a foreman, because when you come back in the court room your foreman will announce whatever verdict you have arrived at; then after you have elected your foreman, then you should take a ballot and determine first of all under the evidence here and under the instructions that I have given you, is the plaintiff entitled to recover in this case. I have told you that Mr. Bellingar was guilty of negligence; I have told you that you have to decide yourselves whether Ralph was as careful as he should have been under the circumstances, so that question you have to decide, and then if you decide that he was, that he was as careful as the ordinary boy under like circumstances would have been or should have been, then you may find for the plaintiff.''

Under the testimony the negligence, if any, of defendant was a question of fact for the jury, and it was reversible error for the court to hold defendant

guilty of actionable negligence as a matter of law. The judgment is reversed and a new trial granted, with costs to defendant.

STARR, C. J., and NORTH, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.